IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 4:22-cv-887-P |
| AMERICREDIT FINANCIAL SERVICES, INC. dba GM FINANCIAL, | |
| Defendant. | |

## CONSENT ORDER

## I.  INTRODUCTION

1.    This Consent Order resolves the allegations contained in the United

States' Complaint that Defendant AmeriCredit Financial Services, Inc.

dba GM Financial ("GM Financial") violated the Servicemembers Civil

Relief Act ("SCRA"), 50 U.S.C. § 3901, *et seq.*, by: (1) rejecting

requests from qualified servicemembers to terminate their motor

vehicle leases early pursuant to the SCRA, *see* 50 U.S.C. § 3955; (2)

failing to correctly process, in accordance with 50 U.S.C. § 3955, the

early termination of servicemembers' motor vehicle leases that were

accepted; and (3) repossessing motor vehicles from servicemembers without court orders, *see* 50 U.S.C. § 3952.

2.  AmeriCredit Financial Services, Inc. is a Texas corporation, with its headquarters at 801 Cherry Street, Suite 3500, Fort Worth, Texas, in the Northern District of Texas.  It does business as GM Financial and as AmeriCredit.

3.  This Consent Order covers all requests for SCRA early lease terminations for motor vehicle leases entered into by, or assigned to, GM Financial or any subsidiaries, predecessors, acquired companies, or successor entities from January 1, 2015 through the effective date of this Consent Order.

4.  This Consent Order covers all motor vehicle repossessions occurring from January 1, 2015 through the effective date of this Consent Order in connection with contracts originated, acquired, and/or serviced by GM Financial, or any subsidiaries, predecessors, acquired companies, or successor entities.

5.  The United States and GM Financial (collectively, the "Parties") agree that the Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 50 U.S.C. § 4041.

6.     The Parties agree that, to avoid costly and protracted litigation, the claims against GM Financial should be resolved without further proceedings or an evidentiary hearing.  Therefore, as indicated by the signatures appearing below, the Parties agree to the entry of this Consent Order.  GM Financial neither admits nor denies any of the allegations in the United States' Complaint or this Consent Order.

7.     The effective date of this Consent Order will be the date on which it is approved and entered by the Court.

It is hereby ORDERED, ADJUDGED and DECREED:

## II. INJUNCTIVE RELIEF[1]

8.     GM Financial and its affiliates, subsidiaries, officers, employees, agents, and representatives (including contractors and vendors acting on behalf of GM Financial) shall be required to:

a.     allow servicemembers who meet the requirements of 50 U.S.C. § 3955 to terminate their motor vehicle leases early without penalty upon receipt of qualifying military orders;

---

[1] Nothing in this Consent Order shall preclude GM Financial from offering greater protections to servicemembers than those afforded by the Consent Order or the SCRA.

b. process motor vehicle lease terminations and refund lease amounts paid in advance within 30 days of the effective date of the termination; and

c. comply fully with all relevant provisions of the SCRA prohibiting the repossession of motor vehicles of "SCRA-protected servicemembers"[2] without a court order, while the servicemember is in military service, provided the servicemember paid a deposit on the motor vehicle or installment on the loan while not in military service.

### III. SCRA POLICIES AND PROCEDURES

**A. Motor Vehicle Lease Terminations**

9. GM Financial has provided to the United States SCRA policies and procedures for motor vehicle lease terminations in compliance with Section 3955 of the SCRA, 50 U.S.C. § 3955.  These policies and procedures have been reviewed by the United States.  No additional

---

[2] For purposes of the repossession-related relief in this Consent Order, the term "SCRA-protected servicemember" includes servicemembers as defined in 50 U.S.C. § 3911(1) and (2) who made a deposit or at least one installment payment before entering military service. *See* 50 U.S.C. § 3952(a). The SCRA grants additional periods of protection for reservists ordered to report for military service and persons ordered to report for induction. 50 U.S.C. § 3917. Therefore, for purposes of this Consent Order, these "early alert" periods shall be included in the periods of protection for servicemembers at the time of repossession. However, since such periods are not included in the definition of "military service" in 50 U.S.C. § 3911, they are not considered military service at the time of payment of a deposit on the motor vehicle or installment on the loan.

modifications to GM Financial's policies are required by this Consent Order. GM Financial's policies and procedures include provisions:

a.    permitting servicemembers to terminate their motor vehicle leases where:

i.   the lease is executed by or on behalf of a person who thereafter and during the term of the lease enters military service under a call or order specifying a period of not less than 180 days (or who enters military service under a call or order specifying a period of 180 days or less and who, without a break in service, receives orders extending the period of military service to a period of not less than 180 days), *see* 50 U.S.C. § 3955(b)(2)(A);

ii.  the lessee, while in military service, executes a lease and thereafter receives military orders for a permanent change of station[3] from a location in the continental United States to a location outside the continental United States or from a location in a State (as defined in 50 U.S.C. § 3911(6)) outside the

---

[3] The term "permanent change of station" includes separation or retirement from military service. *See* 50 U.S.C. § 3955(i)(3). In the case of a separation or retirement, a servicemember shall be entitled to terminate their motor vehicle lease if they are being separated or retired from a location in the continental United States to a home of record outside the continental United States or from a location in a State outside the continental United States to any home of record outside that State.

continental United States to any location outside that State, *see* 50 U.S.C. § 3955(b)(2)(B)(i);

    iii.  the lessee, while in military service, executes a lease and thereafter receives military orders to deploy with a military unit, or as an individual in support of a military operation, for a period of not less than 180 days, *see* 50 U.S.C. § 3955(b)(2)(B)(ii); or

    iv.  the lessee dies or incurs a catastrophic injury or illness (in this case, the spouse or dependent of the lessee may terminate the lease within one year after the death or catastrophic injury or illness), *see* 50 U.S.C. § 3955(a)(3)-(4);

b.    approving terminations of leases based on delivery to GM Financial or GM Financial's agent of written notice of termination and a copy of military orders (to include any notification, certification, or verification from the servicemember's commanding officer), or other document prepared exclusively by a branch of the military or the Department of Defense demonstrating that the lessee is eligible for lease termination under 50 U.S.C. § 3955(b)(2), including by hand delivery, private business carrier, U.S. Mail, e-mail, text

message, or other electronic means reasonably calculated to ensure actual receipt;

c.   permitting eligible servicemembers to terminate their motor vehicle leases at any time after their entry into military service under the circumstances set forth in subparagraph (a)(i), or the date of their qualifying military orders as set forth in subparagraph (a)(ii) and (a)(iii), *see* 50 U.S.C. § 3955(a)(1);

d.   setting the effective date of the lease termination as the date on which the servicemember has completed both delivery of the notice of termination and return of the vehicle to GM Financial or GM Financial's agent, *see* 50 U.S.C. § 3955(d)(2);

e.   limiting any charges that must be paid upon termination to those permitted by Section 3955(e)(2) of the SCRA;

f.   refunding, within 30 days after the effective date of termination, all lease amounts paid in advance (including cash payments and trade-in value applied as capitalized cost reduction ("CCR")) for a period after the effective date of termination, *see* 50 U.S.C. § 3955(f); and

g.   designating customer service representatives who have been specifically trained on the protections of the SCRA with respect

to motor vehicle leases and who are responsible for the intake of and response to servicemembers' inquiries regarding the SCRA. GM Financial shall ensure that it has a telephone number and designated electronic mail address at which servicemembers may reach a designated SCRA customer service representative, who will address questions or concerns regarding the SCRA. GM Financial shall also include a page on its website detailing eligibility for, and relief provided by, the SCRA, and providing the telephone number and designated electronic mail address to obtain SCRA relief or raise questions or concerns regarding such relief.

**B.      Motor Vehicle Repossessions**

10.     GM Financial has provided to the United States SCRA policies and procedures for motor vehicle repossessions in compliance with Section 3952(a) of the SCRA, 50 U.S.C. § 3952(a). These policies and procedures have been reviewed by the United States. No additional modifications to GM Financial's SCRA policies are required by this Consent Order. GM Financial's SCRA policies and procedures include provisions:

a. To determine whether the borrower[4] or lessee is an SCRA-protected servicemember, GM Financial shall (1) search the Defense Department's Defense Manpower Data Center (DMDC) database, located at https://scra.dmdc.osd.mil/, for evidence of SCRA eligibility by either last name and social security number or last name and date of birth, and (2) review any military service information (including orders) they have received from borrowers, at the following times:

(i) no more than two (2) business days before it refers a motor vehicle loan for repossession;

(ii) no more than two (2) business days after it (or its agents, including contractors and vendors) obtains possession of the motor vehicle; and

(iii) no more than (2) business days before it (or its agents, including contractors and vendors) disposes of the motor vehicle.

b. If GM Financial is informed via military service information received from a borrower or lessee, or via the periodic electronic check of the DMDC described above, that the

---

[4] For purposes of this Consent Order, the term "borrower" includes co-borrowers.

borrower is an SCRA-protected servicemember, it shall neither refer the loan for repossession nor conduct the repossession itself without first obtaining a court order or a valid SCRA waiver pursuant to subparagraph (e).

c.      If GM Financial discovers, from a check of the DMDC database or otherwise, after obtaining possession but before disposing of a motor vehicle, that the borrower or lessee is an SCRA-protected servicemember, it shall attempt to contact the borrower and offer to arrange to return the vehicle within two (2) business days and shall reverse on the borrower or lessee's account all of the charges resulting from the repossession.  GM Financial shall also correct any negative credit reporting related to the repossession.  If GM Financial cannot make contact with the borrower or lessee within two (2) business days, GM Financial shall return the vehicle to the location where possession was taken, unless: (1) return to such location presents a significant risk of damage to the vehicle; (2) return to such location presents a significant risk that the vehicle will be impounded; (3) the borrower or lessee has previously informed GM Financial that the vehicle has been abandoned; or (4) the

vehicle was recovered under circumstances suggesting that the vehicle had been abandoned.  If the vehicle is not returned immediately to the borrower, GM Financial shall make additional attempts to reach the borrower or lessee based upon contact information in its files, and shall return the vehicle within two (2) business days of a borrower or lessee's request for return, without charging any repossession-related fees.  GM Financial shall not sell or otherwise dispose of the vehicle until it has made all the contact attempts referenced in this subparagraph and has obtained a court order or valid SCRA waiver pursuant to subparagraph (e).

d.      If GM Financial files a complaint for repossession in court and the borrower does not make an appearance in the case, GM Financial will file an affidavit of military service with the court as required by Section 3931(b)(1) of the SCRA, 50 U.S.C. § 3931(b)(1).  Before seeking entry of default, GM Financial will search the DMDC database and review information in its possession or control to determine if the borrower or lessee is SCRA-protected.  If GM Financial learns that the borrower or lessee is SCRA-protected, it will file an affidavit stating that

"the defendant is in military service," attaching the most recent military status report from the DMDC or a copy of the military orders or other documentation to the affidavit.

e.  If GM Financial seeks or obtains a waiver under a written agreement as provided in 50 U.S.C. § 3918, it shall use a notice and waiver in the form attached as Exhibit A.[5]

f.  Upon receiving notice of impoundment by a non-related third party, GM Financial may take possession of the vehicle even if the borrower is protected by the SCRA, but must comply with any applicable state laws and must not dispose of the vehicle until it has made reasonable efforts to contact the servicemember and has obtained a court order or valid SCRA waiver.

## C.   Review and Approval of Policies and Procedures

11.  If, at any time during the term of this Consent Order, GM Financial proposes to materially change its SCRA policies and procedures, it shall first provide a copy of the proposed changes to counsel for the United

---

[5] GM Financial shall not seek to obtain waivers from servicemembers with respect to their early lease termination rights under Section 3955 of the SCRA.

States.[6]  If the United States does not deliver written objections to GM

Financial within forty-five (45) calendar days of receiving the proposed

changes, the changes may be implemented. If the United States objects

to any part of GM Financial's policies and procedures, the Parties shall

confer to resolve their differences.  If the Parties cannot resolve their

differences after good faith efforts to do so, either Party may bring the

dispute to this Court for resolution.

## IV. TRAINING

12.    GM Financial has provided to the United States the curriculum,

instructions, and any written materials included in the training required

by Paragraphs 13 and 14.  The United States has no objection to these

materials.

13.    GM Financial shall provide SCRA compliance training, within ninety

(90) calendar days after the effective date of this Consent Order to any

active employees who: (a) provide customer service to borrowers or

lessees in connection with their motor vehicle loans or leases, (b) have

significant involvement in motor vehicle leasing, including the ability

---

6 All notices and materials required by this Consent Order to be sent to counsel for the United States shall be sent by private business carrier (non-USPS) delivery service addressed as follows: Chief, Housing & Civil Enforcement Section, Civil Rights Division, United States Department of Justice, 150 M Street, N.E., Washington, DC 20002, Attn: DJ 216-73-9, or as otherwise directed by the United States.  Correspondence may also be sent via electronic mail to the U.S. Department of Justice, care of the undersigned counsel for the United States.

to terminate motor vehicle leases for servicemembers; or (c) are involved in the repossession of motor vehicles.  GM Financial shall provide to each covered employee: (a) training on the terms of the SCRA with respect to lease terminations and repossessions; (b) training on GM Financial's SCRA policies and procedures (both those required pursuant to Paragraphs 9 and 10 and all others adopted by GM Financial) specific to the employee's responsibilities associated with that employee's position; (c) training on the terms of this Consent Order; and (d) the contact information for the SCRA customer service representatives described in Paragraph 9(g).  GM Financial shall also follow these training procedures for any employee who subsequently becomes a covered employee within thirty (30) calendar days of their hiring, promotion, or transfer.

14.   During the term of this Consent Order, GM Financial shall provide annual SCRA training, with the same content as described in Paragraph 13, to covered employees with respect to their responsibilities and obligations under the SCRA, GM Financial's SCRA policies and procedures, and this Consent Order.

15.   The covered employees may undergo the training required by Paragraphs 13 and 14 via live training, computer-based training, web-

based training, or interactive digital media. If the training is conducted in any format other than live training, GM Financial shall ensure that covered employees have the opportunity to have their questions answered by a company contact that GM Financial identifies as having SCRA expertise within two (2) business days of the training. Any expenses associated with the training program required by Paragraphs 13 and 14 shall be borne by GM Financial.

16. GM Financial shall secure a signed statement in the form attached as Exhibit B, either in hard copy or by electronic certification, from each covered employee at the training required by Paragraphs 13 and 14 acknowledging that they have received, read, and understand the Consent Order and GM Financial's SCRA policies and procedures specific to the employee's responsibilities associated with the loan being serviced, has had the opportunity to have his or her questions about these documents answered, and agrees to abide by them. GM Financial shall also certify in writing to counsel for the United States that the covered employees successfully completed the training required by Paragraphs 13 and 14. For the duration of this Consent Order, copies of the signed statements shall be provided to the United States upon request.

## V.  COMPENSATION

**a.    Motor Vehicle Lease Termination Denials**

17.    The United States has reviewed accounts for which GM Financial denied early lease termination pursuant to the SCRA since January 1, 2015.  Based on this review, the United States has identified fourteen (14) instances where it believes GM Financial wrongfully denied SCRA early termination requests and has provided a list of those instances to GM Financial.

18.    GM Financial shall compensate the lessees identified pursuant to Paragraph 17 as follows:

a.    The amount of any lease payments and other charges (other than taxes, summonses, title and registration fees, or other obligations and liabilities of the lessee in accordance with the terms of the lease, including reasonable charges to the lessee for excess wear or use and mileage, that are due and unpaid at the time of termination) paid by the servicemember after the earliest of (i) the date the lessee returned the vehicle; (ii) the date GM Financial denied the request for early termination; or (iii) fifteen (15) days after submission of written notice of termination and a copy of the servicemember's military orders;

b.      Lease amounts paid in advance (including eligible CCR amounts

using the formula set forth in Paragraph 22(c) below) for a period

after the earliest of (i) the date the lessee returned the vehicle; (ii)

the date GM Financial denied the request for early termination;

or (iii) fifteen (15) days after submission of written notice of

termination and a copy of the servicemember's military orders;

and

c.      An additional payment of $5,000 for any servicemembers

identified pursuant to Paragraph 17 who returned their vehicles.

The compensation described in subparagraphs (a) and (b) shall be

distributed equally among the lessees (including non-servicemember

co-lessees) named on the lease.  The compensation described in

subparagraph (c) shall be paid entirely to the servicemember.  The

United States has provided to GM Financial the names of and amounts

owed under this paragraph to the servicemembers whose early

termination requests it believes were wrongfully denied.  In cases where

GM Financial has already taken remedial actions with respect to a lease

termination, the United States has considered such remedial actions and

adjusted the compensation awarded to the servicemember or co-lessee.

19. GM Financial must deliver payment to each servicemember and co-lessee, except for those servicemembers and co-lessees currently residing in Oregon, in the amount calculated pursuant to Paragraph 18 within forty-five (45) days of the effective date of this Consent Order.

20. All compensation checks may include the phrase "Settlement in Full" in the memorandum section.  All compensation checks shall be accompanied by a copy of a letter (the form of which is to be approved in advance by the United States) explaining that cashing or endorsing the check releases all claims related to the SCRA Section 3955 violations alleged in the complaint.

21. For servicemembers and co-lessees currently residing in Oregon, GM Financial shall send a letter (the form of which is to be approved in advance by the United States) containing a Release in the form attached as Exhibit C within forty-five (45) days of the effective date of this Consent Order.  Within thirty (30) days of receiving a properly executed copy of the Release at Exhibit C, GM Financial shall issue and mail a compensation check to the servicemember or co-lessee in the amount calculated pursuant to this Consent Order.

**b.    Motor Vehicle Lease Termination Approvals**

22.    The United States has reviewed accounts for which GM Financial permitted early lease termination pursuant to the SCRA since January 1, 2015.  GM Financial shall refund to the lessees on these accounts the following amounts (to the extent not already refunded):

a.    The amount of any lease payments and other charges (other than taxes, summonses, title and registration fees, or other obligations and liabilities of the lessee in accordance with the terms of the lease, including reasonable charges to the lessee for excess wear or use and mileage, that are due and unpaid at the time of termination) paid by the servicemember after the effective date of the lease termination that were not refunded within thirty (30) days of payment;

b.    Non-CCR lease amounts paid in advance for a period after the effective date of the termination of the lease[7]; and

c.    CCR amounts, less the amount of any:

i.    manufacturer rebates or other rebates and incentives offered by GM Financial, an individual dealer, insurer, governmental

_____

[7] As used in this sub-part, such payments are specifically limited to the periodic or monthly payments identified in the lease agreements and paid in advance of termination.  When a lease termination occurs in the middle of a payment period, a refund must be provided on a *pro rata* basis.

entity, or other third party, or other credits not based on a cash payment or trade-in value;

ii. payoff of negative equity or prior lease balance amounts by the originating automobile dealer or other third party, to the extent included in the gross capitalized cost;

iii. payment for maintenance or other vehicle- or lessee-protection agreements, to the extent included in the gross capitalized cost, if the servicemember is entitled to obtain a refund upon lease termination for unused periods covered by such agreements pursuant to state law or other agreement;

iv. acquisition fee paid and included in the gross capitalized cost; and

v. tax, title and license fee included in the gross capitalized cost.

GM Financial shall refund CCR amounts on a pro rata basis by: (a) multiplying the CCR amount subject to refund (i.e., after subtracting the amounts in subparagraphs (b)(i)-(v)) by the amount of time remaining in the lease term at termination, (b) dividing the product by the total lease term, and then (c) subtracting (i) any monthly or other periodic payments incurred prior to the date of termination that remain unpaid, (ii) any reasonable charges for excess wear and mileage that

remain unpaid, and (iii) any refund of CCR amounts provided by GM Financial within thirty (30) days after the effective date of the termination of the lease.[8]

23.   GM Financial shall compensate the individual lessees covered by this Consent Order by providing: (1) a refund of the amount calculated pursuant to Paragraph 22, plus interest, as calculated pursuant to 28 U.S.C. § 1961; and (2) an additional payment of indirect damages in the amount of $500, or three times the amount calculated pursuant to Paragraph 22, whichever is larger.  GM Financial is not, however, required to provide any compensation to individual lessees for whom the amount calculated pursuant to Paragraph 22 is less than $25.  The compensation described in subsection (1) shall be distributed equally among the lessees (including non-servicemember co-lessees) named on the lease.  The compensation described in subsection (2) shall be paid entirely to the servicemember (or servicemembers).  In cases where GM Financial has already taken remedial actions with respect to a lease termination, the United States has considered such remedial actions and

---

[8] GM Financial shall not seek to collect any amounts deducted pursuant to this Paragraph – or any interest, late fees, penalties, or other charges related thereto – from the servicemember.

agreed to allow GM Financial to adjust the compensation awarded to the servicemember or co-lessee.

24. GM Financial must deliver payment to each servicemember and co-lessee, except for those servicemembers and co-lessees currently residing in Oregon, in the amount calculated pursuant to Paragraph 23 within forty-five (45) days of the effective date of this Consent Order.

25. With respect to compensation required by Paragraph 23, GM Financial shall adhere to the process set forth in Paragraphs 20 and 21.

**c.   Motor Vehicle Repossessions**

26. The United States has reviewed accounts for which GM Financial conducted motor vehicle repossessions without a court order since January 1, 2015.  The United States has determined that GM Financial conducted seventy-one (71) motor vehicle repossessions since January 1, 2015, that violated the SCRA.  The United States has provided a list of those repossessions to GM Financial.

27. For each account identified pursuant to Paragraph 26, GM Financial agrees to provide the following compensation:

   a.   An amount of $10,000;

   b.   Any lost equity in the repossessed motor vehicle, as calculated by: subtracting any outstanding principal, interest, and other

amounts owing by the borrowers (excluding any fees associated with the repossession), plus any liens at the time of repossession and any disbursements made to the servicemember or a third-party other than a lien holder from the proceeds of the repossession sale (exclusive of any fees associated with the repossession) from the retail value of the motor vehicle at the time of repossession as identified in the National Automobile Dealers Association ("NADA") Guide; and

c.     Interest accrued on this lost equity, calculated from the date of the repossession sale until the date payment is issued, at the rate set forth in 28 U.S.C. § 1961.

GM Financial shall provide the United States with all records used to make the payment calculations described in this Paragraph for the United States' review and approval.  In cases where GM Financial has already taken remedial actions with respect to a repossession that violated the SCRA, the United States shall consider such remedial actions and adjust the compensation to be awarded.  In the event of a dispute regarding the compensation to be awarded, the Parties will meet and confer prior to bringing the matter to the Court.

28.    The amount described in Paragraph 27(a) shall be paid entirely to the SCRA-protected servicemember who is identified on the note securing the motor vehicle or lease.  The amounts described in Paragraph 27(b) and (c) shall be distributed equally among all owners (including any non-SCRA-protected owners) on the title to the motor vehicle.

29.    For non-SCRA compliant repossessions identified pursuant to Paragraph 26, GM Financial shall notify each identified servicemember by letter (the form of which is to be approved in advance by the United States) within thirty (30) calendar days of the entry of this Consent Order.  Each letter shall enclose the Declaration at Exhibit D and the Release at Exhibit E.

30.    In order to receive any compensation under Paragraph 27, SCRA-protected servicemembers must complete the Declaration at Exhibit D and the Release at Exhibit E.

31.    GM Financial must deliver payment to each servicemember and co-owner, except for those co-owners currently residing in Oregon, in the amount calculated pursuant to Paragraphs 27 and 28, within twenty-one (21) days of receiving a signed Declaration and Release from the servicemember.

32.    All compensation checks may include the phrase "Settlement in Full" in the memorandum section.  All compensation checks for co-owners not currently residing in Oregon shall be accompanied by a copy of a letter (the form of which is to be approved in advance by the United States) explaining that cashing or endorsing the check releases all claims related to the SCRA Section 3955 violations alleged in the complaint.

33.    For co-owners currently residing in Oregon, GM Financial shall send a letter (the form of which is to be approved in advance by the United States) containing a Release in the form attached as Exhibit E within twenty-one (21) days of receiving a signed Declaration and Release from the servicemember on the lease.  Within thirty (30) days of receiving a properly executed copy of the Release at Exhibit E from the co-owner, GM Financial shall issue and mail a compensation check to the co-owner in the amount calculated pursuant to Paragraphs 27 and 28.

34.    The servicemembers identified pursuant to Paragraph 26 shall have three and a half (3.5) years from the date of notification to provide the Declaration and Release.

**d.    General Provisions**

35.     Within fourteen (14) days of the effective date of this Consent Order,

GM Financial shall deposit $3,534,171 into an interest-bearing escrow

account for the purpose of fulfilling its obligations under Paragraphs 18,

23, and 27.  GM Financial shall provide written verification of the

deposit to the United States within three (3) business days of depositing

the funds described in this Paragraph.  Any taxes, costs, or other fees

incurred on the escrow funds shall be paid by GM Financial.  GM

Financial is in the process of conducting an internal review of account

data, including data from legacy computer systems, which it anticipates

will be complete within 30 days.  This review may lead to

recalculations of the compensation owed to certain servicemembers

under Paragraph 23.  If that review results in additional funds being

owed to servicemembers under Paragraph 23, GM Financial shall add

funds to the escrow account as necessary to meet its obligations under

this Consent Order.  If, on the other hand, that review results in a

reduced amount of funds being owed to servicemembers under

Paragraph 23, the United States will permit GM Financial to withdraw

the unallocated funds from the escrow account.

36.     GM Financial shall provide the United States with samples of all letters,

and receive the United States' approval of those letters, before mailing

any letter required by this Consent Order to individuals entitled to compensation.

37.   GM Financial shall promptly skip trace and redeliver or reissue any payment or notification that is returned as undeliverable, or that is not deposited, cashed, or returned within three (3) months of the date the initial payment is sent.

38.   Servicemembers, co-lessees, and co-owners shall have six (6) months after issuance to cash or deposit their compensation checks.  During the term of this Consent Order, GM Financial shall, upon the request of a servicemember, co-lessee, or co-owner entitled to compensation, or upon the request of the counsel for the United States, reissue any checks that are not cashed or deposited prior to their expiration.

39.   Every six (6) months for a period of three and a half (3.5) years following the mailing of notices to those who are entitled to compensation, GM Financial shall provide the DOJ with an accounting of all releases received, checks issued, checks cashed or deposited (including check copies), and notifications without responses or that were returned as undeliverable.

40.   Any amounts in the escrow account required by Paragraph 35 that have not been distributed to aggrieved persons within four (4) years of the

date of this Consent Order shall be paid to the United States Treasury in the form of an electronic funds transfer pursuant to written instructions to be provided by the United States.

41. No individual may obtain review by the Parties of the identifications made, and payments disbursed (including the amounts thereof), pursuant to the Consent Order.

## VI. OTHER RELIEF

42. Within sixty (60) calendar days following the effective date of this Consent Order, GM Financial must request that all the credit bureaus to which it reports remove negative entries for the servicemember(s) and any co-lessee(s) attributable to non-payment of any amounts that would not have been owed if GM Financial had permitted early termination under the SCRA.

43. Within sixty (60) calendar days following the effective date of this Consent Order, GM Financial shall also request that all the credit bureaus to which it reports delete trade lines for accounts belonging to servicemember(s) and any co-borrowers (or co-lessees) attributable specifically to the wrongful repossessions addressed in this Consent Order.  Further, GM Financial shall not pursue, must indemnify the servicemember and his or her co-borrower(s) (or co-lessee(s)) against

any third party's pursuing, and must refund any amounts the servicemember and his or her co-borrower(s) (or co-lessee(s)) have paid toward any deficiency that was remaining on the loan or lease after the repossession.

44.     Within sixty (60) days after completion of its obligations in Paragraph 42 and 43, GM Financial shall provide the United States with an accounting of all credit entries repaired.

## VII. CIVIL PENALTY

45.     Within thirty (30) calendar days of the effective date of this Consent Order, GM Financial shall pay a total of $65,480 to the United States Treasury as a civil penalty pursuant to 50 U.S.C. § 4041(b)(3) and 28 C.F.R. 85.5, to vindicate the public interest.  The payment shall be in the form of an electronic funds transfer pursuant to written instructions to be provided by the United States.

## VIII. ADDITIONAL REPORTING AND RECORD-KEEPING REQUIREMENTS

46.     For the duration of this Consent Order, GM Financial shall retain all records relating to its obligations hereunder, including its records with respect to all leases for which a servicemember has sought a lease termination, all motor vehicle repossessions, and compliance activities as set forth herein.  The United States shall have the right to review and

copy any such records, including electronic data, upon reasonable request during the term of this Consent Order.

47. During the term of this Consent Order, GM Financial shall notify counsel for the United States in writing every six (6) months of receipt of any SCRA or military-related complaint. GM Financial shall provide a copy of any written complaints with the notifications. GM Financial will incorporate into its SCRA Policies and Procedures a requirement that all customer service personnel, upon receiving any oral SCRA complaint, shall notify individuals designated and trained to receive SCRA complaints. Whether regarding a written or oral SCRA complaint, the notification to the United States shall include the full details of the complaint, including the complainant's name, address, and telephone number, and the full details of all actions GM Financial took to resolve the complaint. GM Financial shall also promptly provide the United States all information it may request concerning any such complaint. If the United States raises any objections to GM Financial's actions, the parties shall meet and confer to consider appropriate steps to address the concerns raised by the United States' review. If the parties are unable to come to an agreement regarding

such objections or concerns, either Party may bring the dispute to this Court for resolution.

### IX. SCOPE OF CONSENT ORDER

48.  The provisions of this Consent Order shall apply to GM Financial and any of its subsidiaries, predecessors, acquired companies, or successor entities.  It shall also apply to the officers, employees, agents, representatives, assigns, successors-in-interest, and all persons and entities in active concert or participation with all of those entities, including with respect to any leases and loans they serviced from January 1, 2015 to the effective date of this Consent Order.

49.  In the event that GM Financial is acquired by or merges with another entity, GM Financial shall, as a condition of such acquisition or merger, obtain the written agreement of the acquiring or surviving entity to be bound by any obligations remaining under this Consent Order for the remaining term of this Consent Order.

50.  This Consent Order does not release claims for practices not addressed in the Complaint's allegations, and it does not resolve and release claims other than claims for violations of Section 3952 of the SCRA related to motor vehicle repossessions and Section 3955 of the SCRA related to early motor vehicle lease termination requests.  This Consent

Order does not release any claims that may be held or are currently under investigation by any federal agency against GM Financial or any of its affiliated entities.

51.     Nothing in this Consent Order will excuse GM Financial's compliance with any currently or subsequently effective provision of law or order of a regulator with authority over GM Financial that imposes additional obligations on it.

## X.  LITIGATION HOLD

52.     The parties agree that, as of the effective date of this Consent Order, litigation is not "reasonably foreseeable" concerning the matters described above.  To the extent that either party previously implemented a litigation hold to preserve documents, electronically stored information (ESI), or things related to the matters described above, the party is no longer required to maintain such litigation hold. Nothing in this Paragraph relieves either party of any other obligations imposed by this Consent Order.

## XI.  MODIFICATIONS, ATTORNEY'S FEES AND COSTS, AND REMEDIES FOR NON-COMPLIANCE

53.     Any time limits for performance imposed by this Consent Order may be extended by the mutual written agreement of the parties.

54.     The parties shall be responsible for their own attorney's fees and court costs, except as provided for in Paragraph 55.

55.     The parties shall endeavor in good faith to resolve informally any differences regarding the interpretation of and compliance with this Consent Order prior to bringing such matters to the Court for resolution.  However, in the event the United States contends that there has been a failure by GM Financial, whether willful or otherwise, to perform in a timely manner any act required by this Consent Order or otherwise comply with any provision thereof, the United States may move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring the performance of such act or deeming such act to have been performed, and an award of any damages, costs, and attorney's fees which may have been occasioned by GM Financial's violation or failure to perform.

## XI. RETENTION OF JURISDICTION

56.     This Consent Order shall be in effect for a period of four (4) years from its date of entry.  The Court shall retain jurisdiction for the duration of this Consent Order to enforce its terms, after which time this case shall be dismissed with prejudice.  The United States may move the Court to

extend the duration of this Consent Order in the interests of justice.


SO ORDERED, this ____ day of _____, _____.


_____

UNITED STATES DISTRICT JUDGE

The undersigned hereby apply for and consent to the entry of the Order:

*For the United States of America*:

Dated: September 30, 2022


CHAD E. MEACHAM
United States Attorney

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division


_____

_____

LISA R. HASDAY
Assistant U.S. Attorney
United States Attorney's Office
Northern District of Texas
1100 Commerce Street, Third Floor
Dallas, TX 75242-1699
Telephone: (214) 659-8737
Fax: (214) 659-8807
Email: lisa.hasday@usdoj.gov

SAMEENA SHINA MAJEED
Chief
ELIZABETH A. SINGER
Director, U.S. Attorneys' Fair
Housing Program
ALAN A. MARTINSON
AUDREY M. YAP
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement
        Section
4 Constitution Square
150 M Street, NE
Washington, D.C. 20530
Telephone: (202) 616-2191
Fax: (202) 514-1116
Email: alan.martinson@usdoj.gov

Attorneys for THE UNITED STATES OF AMERICA

*For AmeriCredit Financial Services, Inc.*
*dba GM Financial*:


_____
Andrew W. Schilling
Brian J. Wegrzyn
Buckley LLP
1133 Avenue of the Americas
Suite 3100
New York, NY
Tel. 212-600-2400
Email: aschilling@buckleyfirm.com

Attorneys for AMERICREDIT FINANCIAL SERVICES, INC. dba GM FINANCIAL

**EXHIBIT A**

**IMPORTANT NOTICE AFFECTING MILITARY SERVICEMEMBERS**

**RIGHTS AND PROTECTIONS AFFORDED UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT**

Attached to this notice you will find a waiver of rights and protections that may be applicable to you and your dependents pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. § 3901, *et seq.* (the "SCRA"). The SCRA provides military personnel and their dependents with a wide range of legal and financial protections. Among other benefits and protections, the SCRA:

- Prohibits the repossession of a servicemember's motor vehicle without a court order during a period of military service, as long as a deposit or at least one installment payment was made before the borrower entered into that period of military service.

- Upon notice by the servicemember, imposes a 6% maximum rate of interest that may be charged during military service on loans incurred before the servicemember began his or her current period of military service.

- Postpones court actions against servicemembers under certain circumstances.

- Permits servicemembers to terminate motor vehicle and residential leases upon receipt of certain military orders.

If you choose to sign the attached waiver, AmeriCredit Financial Services Inc. dba GM Financial ("GM Financial") will have the option to proceed with a repossession of your motor vehicle without the protections of the SCRA.  If you do not sign this waiver, GM Financial will be required to provide you the protections of the SCRA if you took out your loan and made a down payment on the motor vehicle, or at least one payment on the loan, when you were not in military service. Additionally, if GM Financial goes to court to repossess your motor vehicle, the court may take steps to ensure that a judgment is not entered against you if you are unable to appear in the case.

This waiver applies only to your SCRA rights related to motor vehicle repossessions; you are not waiving any other SCRA protections that you may have. Before waiving these important statutory rights, you should consult an attorney regarding how best to exercise your rights or whether it is in your interest to waive these rights under the conditions offered by GM Financial.

For More Information:

- CONSULT AN ATTORNEY: To fully understand your rights under the law, and before waiving your rights, you should consult an attorney.

- JAG / LEGAL ASSISTANCE: Servicemembers and their dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil.

- MILITARY ONESOURCE: "Military OneSource" is the U.S. Department of Defense's information resource. Go to http://www.militaryonesource.com.

## AGREEMENT AND WAIVER OF RIGHTS UNDER
## SERVICEMEMBERS CIVIL RELIEF ACT

I _____ am a Servicemember OR the duly authorized
agent or attorney-in-fact of _____ , a Servicemember,
pursuant to a power of attorney dated _____and I am aware that I
have protections available to me under the Servicemembers Civil Relief Act
(SCRA).  This includes, but is not limited to, the right not to have a lender
repossess my motor vehicle or personal property without a court order.

By signing this waiver, I acknowledge and agree that:

- I have read and understood the attached **IMPORTANT NOTICE TO
  MILITARY SERVICEMEMBERS**.

- I am waiving my right to have a court rule on whether AmeriCredit
  Financial Services, Inc. dba GM Financial ("GM Financial") can repossess
  my motor vehicle, a [YEAR] [MAKE] [MODEL] [VIN] (the "Vehicle"), in
  accordance with 50 U.S.C. § 3952(a)(1).

- I understand that if the vehicle sells for less than I still owe on the loan, I
  may be responsible for the difference ("deficiency balance"), plus accrued
  interest.

- In exchange for waiving my SCRA rights with respect to the Vehicle, GM
  Financial agrees to waive the recovery of any storage costs, attorneys' fees,
  and any other fees and costs incurred in connection with the repossession or
  sale of the vehicle.  GM Financial will also instruct any third party in
  possession of the vehicle to return any personal property I left in my vehicle.

- This Waiver shall have no effect on my right to receive any excess proceeds
  from the sale of the Vehicle as provided by state law.

- This waiver is made voluntarily, without coercion, duress or compulsion.  I
  understand the terms of this waiver of rights, and acknowledge that I was
  advised to consult with an attorney regarding this waiver and the protections
  afforded by the SCRA.

Subject to the above provisions, I hereby waive and give up any right I may have
to have a court rule on the repossession of the Vehicle.

Dated: _____          By:
                                    _____
                                    Signature

                                    _____
                                    Print Name

                                    For: AmeriCredit Financial Services.
                                    Inc. dba GM Financial

Dated: _____          By:
                                    _____
                                    Signature

                                    _____
                                    Print Name

**EXHIBIT B**

**EMPLOYEE ACKNOWLEDGMENT**

I acknowledge that on [INSERT DATE], I was provided training regarding Servicemembers Civil Relief Act (SCRA) compliance, a copy of the Consent Order resolving the United States' allegations in *United States v. AmeriCredit Financial Services, Inc. dba GM Financial*, Case No. [INSERT CASE NUMBER] (N.D. Tex.), and copies of GM Financial's policies and procedures applicable to my duties. I have read and understand these documents and have had my questions about these documents and the SCRA answered. I understand my legal responsibilities and shall comply with those responsibilities.


_____
[PRINT NAME]


_____
[SIGNATURE]


_____
[JOB TITLE]

**EXHIBIT C**

**RELEASE – Lease Terminations (for Oregon residents)**

Pursuant to the Consent Order resolving the United States' allegations in *United States v. AmeriCredit Financial Services, Inc. dba GM Financial*, Case No. [INSERT CASE NUMBER] (N.D. Tex.), that AmeriCredit Financial Services, Inc. ("GM Financial") violated the Servicemembers Civil Relief Act, and in consideration of GM Financial's payment to me of $ [AMOUNT], I, [LESSEE'S NAME], hereby release and forever discharge all claims, arising prior to the date of this Release, related to the facts at issue in the litigation referenced above and related to the alleged violation of Section 3955 of the Servicemembers Civil Relief Act, that I may have against GM Financial and all related entities, parents, predecessors, successors, subsidiaries, and affiliates and all of its past and present directors, officers, agents, managers, supervisors, shareholders, and employees and its heirs, executors, administrators, successors or assigns.

Executed this _____ day of _____, 202__.

SIGNATURE: _____

PRINT NAME: _____

**EXHIBIT D**

**DECLARATION – Vehicle Repossessions**

I, [INSERT NAME], do hereby declare and state as follows:

1.    I owned a vehicle obtained through a loan with AmeriCredit Financial Services, Inc. dba GM Financial,, Loan Number [LOAN NUMBER] that was repossessed.

2.    I obtained the loan on or about [LOAN FUNDING DATE].

3.    On or about [REPOSSESSION DATE], I WAS either:
      i.     on a covered period of military service; OR
      ii.    a member of a reserve component (Reserves or National Guard) and had received orders to report for a covered period of military service.

Please consider the following additional information in support of this Declaration:

_____
_____
_____
_____

I confirm that the foregoing is true and correct.

Executed this _____ day of _____, 20__.


SIGNATURE: _____

PRINT NAME:_____

## APPENDIX REGARDING MILITARY SERVICE

As used in this Declaration, a "covered period of military service" is any of the following:

a) Full-time active duty with the armed forces of the United States (Army, Navy, Air Force, Marine Corps, Coast Guard, or Space Force), including National Guard members serving under orders issued under Title 10 of the United States Code;

b) A period of active service with the National Guard:
   i)) authorized by the President or the Secretary of Defense;
   ii) longer than thirty (30) consecutive days;
   iii) under orders issued under Section 502(f) of Title 32 of the United States Code; and
   iv) for the purpose of responding to a national emergency declared by the President and supported by federal funds.

c) Active service as a commissioned officer of the Public Health Service or the National Oceanic and Atmospheric Administration; or

d) A period of time during which I was a servicemember absent from duty on account of sickness, wounds, leave, or other lawful cause.

If you have any additional questions about whether your service constitutes a "covered period of military service" for purposes of this declaration, please contact the Department of Justice at 202-514-4713 and reference the GM Financial SCRA case.

## EXHIBIT E

## RELEASE – Vehicle Repossessions

Pursuant to the Consent Order resolving the United States' allegations in *United States v. AmeriCredit Financial Services, Inc. dba GM Financial*, Case No. [INSERT CASE NUMBER] (N.D. Tex.), that AmeriCredit Financial Services, Inc. dba GM Financial ("GM Financial") violated the Servicemembers Civil Relief Act, and in consideration of GM Financial's payment to me of $ [AMOUNT], I, [BORROWER OR LESSEE'S NAME], hereby release and forever discharge all claims, arising prior to the date of this Release, related to the facts at issue in the litigation referenced above and related to the alleged violation of Section 3952 of the Servicemembers Civil Relief Act, that I may have against GM Financial and all related entities, parents, predecessors, successors, subsidiaries, and affiliates and all of its past and present directors, officers, agents, managers, supervisors, shareholders, and employees and its heirs, executors, administrators, successors or assigns.

**SO ORDERED** on this **3rd day** of **October 2022.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE